**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| TakeCare Insurance Company, Inc., a Guam corporation, <br><br> Plaintiff, <br><br> vs. <br><br> Territory of Guam, the Department of Administration, Government of Guam, and the Office of Public Accountability <br><br> Defendants. | Civil Case No. CV0972-19 <br><br> **DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Robert C. Naraja on Defendants Territory of Guam, the Department of Administration, Government of Guam, and Office of Public Accountability's (collectively "the Government") Motion to Dismiss, Plaintiff TakeCare Insurance Company, Inc.'s ("TakeCare") Motion for Summary Judgment, and the Government's Cross-Motion for Summary Judgment. Attorney Louie J. Yanza represents TakeCare. Chief Deputy Attorney General Shannon J. Taitano and Assistant Attorneys General Joseph Perez and Janice Camacho represent the Government. For the reasons set forth below, the Court **DENIES** TakeCare's Motion for Summary Judgment, **DENIES** the Government's Motion to Dismiss, and **GRANTS** the Government's Motion for Summary Judgment.

ORIGINAL

## BACKGROUND

On April 1, 2019, the Department of Administration ("DOA") issued a request seeking proposals for Group Health and Dental Insurance for Government employees ("the RFP"). Husslein Decl. Ex. A (Aug. 26, 2019). The RFP required all bidders to submit a proposal by May 3, 2019. *Id.* at 5. Pursuant to Public Law 35-2, the RFP required that Guam Regional Medical City ("GRMC"), the only private hospital on Guam, be included in the bidder's in-network. *Id.* at Am. II. While TakeCare did not have a direct contract with GRMC, TakeCare had a previously arranged Network Access Services Agreement with insurance provider NetCare which allowed NetCare to lease to TakeCare in-network access to GRMC. Husslein Decl. Ex. 11. TakeCare intended to utilize this previously arranged agreement to satisfy the RFP's requirement that GRMC be included in TakeCare's in-network. Husslein Decl. ¶ 11. On April 30, 2019, TakeCare orally informed NetCare of its activation of the previously executed Network Access Services Agreement and gave formal notice of the same on May 1, 2019. Husslein Decl. ¶ 13, Ex. 13. Also on May 1, 2019, GRMC informed TakeCare that GRMC would "not allow any other local health plan to access NetCare's in-network rates with GRMC" and that all "Guam-based health plans need to directly contract with GRMC for in-network rates." Yanza Decl. Ex. 1 (Aug. 26, 2019).

On May 3, 2019, two days after learning that GRMC would not allow TakeCare to access NetCare's in-network rates with GRMC, TakeCare filed a protest in which it claimed that GRMC wrongfully used the power bestowed upon it by Public Law 35-2 to disqualify TakeCare as a bidder. Husslein Decl. Ex. B. On May 21, 2019, DOA Director Edward Birn denied TakeCare's protest on the grounds that the protest was untimely. Yanza Decl. Ex. 1. Specifically, DOA held that TakeCare filed its protest outside of the fourteen day period which

ORIGINAL

began when TakeCare knew or should have known of the facts giving rise to its protest. *Id.* TakeCare appealed DOA's decision to the Office of Public Accountability ("OPA"), which issued its Decision and Order on May 21, 2019, granting the Government's Motion to Dismiss. Husslein Decl. Ex. C. OPA concurred with DOA, holding that TakeCare's protest should have been filed within fourteen days of April 1, 2019, when DOA issued the RFP. *Id.*

On July 11, 2019, DOA issued a Notice of Substantial Interest in which the Chief Procurement Officer determined that "the award of the contract without delay is necessary to protect substantial government interest." Yanza Decl. Ex. 4. On August 16, 2019, the Government orally advised TakeCare that DOA was proceeding with the RFP based on the Notice of Substantial Interest. Yanza Decl. ¶ 12. Also on August 12, 2019, TakeCare initiated this case in the Superior Court of Guam by filing a Verified Complaint for Declaratory Judgment. TakeCare's Complaint seeks a judicial determination that its protest to DOA was timely. The sole relief sought in the Complaint is a reversal of OPA's dismissal and for the matter to be remanded to OPA for consideration of the merits of TakeCare's protest.

On September 3, 2019, TakeCare filed a Motion for Summary Judgment. On October 10, 2019, the Government filed its Cross-Motion for Summary Judgment and Opposition to TakeCare's Motion for Summary Judgment. Also on October 10, 2019, TakeCare filed its Opposition to the Government's Motion to Dismiss. On October 25, 2019, the Government filed a Reply in support of its Motion to Dismiss. On November 7, 2019, TakeCare filed its Opposition to the Government's Motion for Summary Judgment and a Reply in support of its own Motion for Summary Judgment. The Court held a motion hearing on November 22, 2019, and subsequently took these matters under advisement.

ORIGINAL

## DISCUSSION

Guam's Procurement Law requires that a procurement protest "be submitted in writing within fourteen days after such aggrieved person knows or should know of the facts giving rise thereto." 5 GCA § 5425(a). Further, "[i]n the event of a timely protest under Subsection (a) of this Section or under Subsection (a) of § 5480 of this Chapter, the Territory shall not proceed further with the solicitation or with the award of the contract prior to final resolution of such protest, and any such further action is void." 5 GCA § 5425(g), *see also* 9 GAR § 9101(e). In *Guam Imaging Consultants Inc. v. Guam Mem. Hosp. Auth.*, 2004 Guam 15, the Supreme Court of Guam examined the timeliness requirement of the automatic stay provision, stating that "the Guam Procurement Law . . . contain[s] automatic stay provisions that are triggered by timely protests," and that the law requires that "a protest . . . be both factually timely and pursued before the award has been made in order to trigger the automatic stay." 2004 Guam 15 ¶ 23.

### A. Dismissal under GRCP 12(b)(1)

Actions or appeals from the OPA are civil actions and governed by the Guam Rules of Civil Procedure ("GRCP"). *Teleguam Holdings LLC v. Territory of Guam*, 2018 Guam 5 ¶ 27. In a Rule 12(b)(1) motion, the Court examines whether it possesses jurisdiction over the subject matter of the litigation. "A dismissal pursuant to Rule 12(b)(1) is only proper . . . when the claim clearly appears to be immaterial . . . the threshold to withstand a motion to dismiss under Rule 12(b)(1) is thus lower than that required to withstand a Rule 12(b)(6) motion." *Watts v. I.R.S.*, 925 F.Supp. 271, 21 274 (D.N.J. 1996) (internal citations and alterations omitted). Pursuant to 7 GCA § 3105, the Superior Court has "original jurisdiction over all causes of action, and except for those causes exclusively vested in the Supreme Court, may have appellate jurisdiction as may be provided by the Legislature."

ORIGINAL

The Government refers to the fourteen-day time limitation on protests as a "statute of limitations." However, the Government has provided no legal authority to support its contention that the untimely filing of a procurement protest with OPA precludes the Court from exercising jurisdiction over the protest. The Government cites to several cases in which complaints were dismissed, all of which involve statutes of limitation which explicitly provide the time period in which complaints may be filed in court. *See e.g. Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Washington v. Garrett*, 10 F.3d 1421, 1437 (9th Cir. 1993); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).[1] These cases are easily distinguishable from the present case. Unlike the statutes relied upon by the courts in the cases cited by the Government, Section 5425 does not contain the term "statute of limitations" nor does it suggest that the Superior Court of Guam lacks jurisdiction to determine whether a protest is timely. Section 5425 provides a time limit for protests to be filed with the OPA, but does not provide a time limit for complaints to be filed with the Superior Court.

The Government also cites to the Superior Court of Guam decision in *Mobil Oil Guam Inc. v. Guam Power Auth. and IP&E Holdings LLC*, CV0080-16 (Mar. 3, 2017). While the court in *Mobil Oil* held that OPA did not have jurisdiction over an untimely protest, a 12(b)(1) motion was not before that court and therefore the court never ruled that the Superior Court lacked jurisdiction due to the protest's untimeliness.[2] *See id.* at 5. The Court also notes that 5 GCA § 5480, which waives sovereign immunity for procurement disputes, grants the Superior Court of Guam jurisdiction over procurement disputes but does not include a statute of limitations for the filing of complaints. The Court holds that the fourteen-day time period for

---

[1] The relevant statutes are as follows, respectively: 42 U.S.C.A. § 2000e-16(c); 5 U.S.C. § 7703(b)(2); Cal.Code Civ.Proc. § 338(4).
[2] Deciding on cross-motions for summary judgment, the Court granted the plaintiff's motion on the grounds that OPA lacked jurisdiction over an untimely protest.

ORIGINAL

filing protests with OPA is not congruent to a statute of limitations which limits the Court's jurisdiction. The Government's argument for dismissal pursuant to 12(b)(1) therefore fails.

**B. Rule 12(b)(6) and Rule 56**

Should a party fail to state a claim upon which relief can be granted, the opposing party may move for dismissal under GRCP 12(b)(6). Dismissal for failure to state a claim is only appropriate if "it appears beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief." *See Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 9 (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). However, in ruling on a 12(b)(6) motion, the Court's consideration is limited to the complaint. *See Newby v. Gov't of Guam*, 2010 Guam 4 ¶ 14. If a 12(b)(6) motion relies upon matters outside the scope of the complaint, then "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Guam R. Civ. P. 12(b).

The issue before the Court is to determine when TakeCare knew or should have known of the facts giving rise to its protest. To make this determination, the Court must rely upon certain exhibits which have been filed outside the pleadings, namely the RFP, letters exchanged between TakeCare and GRMC, and the sworn affidavit of TakeCare's president. Because the Court must consider evidence outside of the pleadings, the Government's 12(b)(6) Motion to Dismiss will be treated as a motion for summary judgment pursuant to Rule 56. The Government has filed a Motion for Summary Judgment, so the Court will therefore consider the arguments in the Government's Motion to Dismiss to be incorporated into its Motion for Summary Judgment.

ORIGINAL

## C. Standard of Review

Both parties have moved for summary judgment. The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." GRCP 56(c). The Court must examine all facts in a light favorable to the non-movant. *Edwards v. Pac. Fin. Corp.*, 2000 Guam 27 ¶ 7.

Guam's Procurement law provides "any determination of an issue or a finding of fact by the Public Auditor shall be final and conclusive unless arbitrary, capricious, fraudulent, clearly erroneous, or contrary to law." 5 GCA § 5704(a). The law further provides that "any decision of the Public Auditor, including any determination regarding the application or interpretation of the procurement law or regulations, shall be entitled to great weight and the benefit of reasonable doubt, although it shall not be conclusive on any court having competent jurisdiction." *Id.* § 5704(b). In the context of procurement disputes, Supreme Court of Guam has held that "the Superior Court has the opportunity to pass on legal questions *de novo.*" *Teleguam*, 2018 Guam 5 ¶ 32 ("If there is an ambiguous question of law, the Superior Court may reference the conclusions of the Public Auditor and should consider with great weight and benefit of reasonable doubt the Public Auditor's conclusions, but is in no way bound to follow them.").

## D. TakeCare learned of the facts giving rise to its protest when the RFP was issued

Guam's procurement statute requires that an aggrieved bidder must file its written protest within fourteen days after the protestor knows or should have known of the fact giving rise thereto. 5 GCA § 5425. The Government argues that the fourteen-day period began on the date that the RFP was issued. TakeCare argues that the fourteen-day period began on the date

ORIGINAL

GRMC informed TakeCare that GRMC would not allow TakeCare to access NetCare's in-network rates with GRMC, effectively disqualifying TakeCare as a bidder.

TakeCare's protest alleges that GRMC wrongfully used the power bestowed upon it by Public Law 35-2 to disqualify TakeCare as a bidder. It is undisputed that TakeCare had access to the RFP on April 1, 2019. The terms of the RFP included that any bidder must include GRMC in its network. The question is whether access to the RFP was sufficient to put TakeCare on notice of the facts which gave rise to its protest.

TakeCare argues that the RFP "did not require that TakeCare or any other bidder ever have a 'direct contract' with GRMC. Thus, TakeCare had no reason to be alarmed or concerned on April 1, 2019 that it did not have a 'direct contract' with GRMC." Opp'n to Mot. for Summ. J. at 3 (Nov. 7, 2019). TakeCare assumed that GRMC would either accept its arrangement with NetCare to give TakeCare's insureds access to GRMC, or that it would succeed in negotiating a direct contract with GRMC that would include GRMC in TakeCare's in-network coverage. Because this was merely an assumption, TakeCare was aware that a breakdown in negotiations with GRMC would lead to TakeCare being disqualified as a bidder. While it was not until negotiations ended that the effective disqualification of TakeCare materialized, TakeCare was aware of the RFP's allegedly improper delegation of authority to GRMC on April 1, 2019, when the RFP was issued.

TakeCare's conduct suggests that the issuance of the RFP was sufficient to put TakeCare on notice of GRMC's authority in the procurement process. Public Law 35-2 was signed into law on March 7, 2019, requiring that the forthcoming RFP would mandate that prospective bidders have GRMC in their in-network. Husslein Decl. Ex. 2. One week later, on March 14, 2019, TakeCare sent a letter to GRMC expressing TakeCare's "desire to receive a Provider

ORIGINAL

Service Agreement from GRMC as well as GRMC charge master rates for services that are equal (or better) as it relates to agreement language and terms as well as underlying rates for GRMC services as provided to SelectCare or any other Guam health insurance carrier." Husslein Decl. Ex. 3. TakeCare further stated that it would "consider the information provided by GRMC consistent with Public Law 35-2 and other applicable statutes as well as the issuance and our review of the RFP." *Id.* While TakeCare attempted to negotiate with GRMC in order to avoid being disqualified as a bidder, it was aware that GRMC may not allow TakeCare to access GRMC's network. TakeCare is protesting the allegedly improper delegation of authority granted to GRMC which allowed it to make this determination. This delegation was provided by Public Law 35-2 and the RFP, both of which TakeCare was aware of on April 1, 2019.

Additionally, the harm from Public Law 35-2 actually materialized prior to the breakdown of negotiations between TakeCare and GRMC. TakeCare's Protest states that "GRMC is using PL35-2 and its application to the RFP as a basis for bad faith negotiations with TakeCare." Hussein Decl. Ex. B at 8. Upon accessing the RFP on April 1, 2019, TakeCare knew of GRMC's authority to effectively disqualify TakeCare as a bidder. TakeCare was then forced to enter into negotiations with GRMC despite knowing of the allegedly unfair leverage that GRMC would have in the negotiations. The beginning of these allegedly unfair negotiations – and not the eventually breakdown of the negotiations – was the fact that gave rise to TakeCare's protest.

TakeCare draws the Court attention to *Guam Imaging Consultants v. Guam Memorial Hospital Authority*, 2004 Guam 15, in which the Guam Supreme Court held that there are multiple events in any given solicitation that could legitimately trigger timely protests. *Id.* at ¶ 28. While this specific holding was made in interpreting Guam Memorial Hospital's

ORIGINAL

Procurement Regulations, the Supreme Court stated that the automatic stay provision of those Procurement Regulations "closely mirrors" the automatic stay provision of Guam's Procurement Law. *Id.* at ¶ 23. However, while multiple events could potentially give rise to a protest, in TakeCare's case the issuance of the RFP is the only triggering event. It was at that time that TakeCare learned that its eligibility as a bidder was subject to GRMC's allegedly improper authority. Aware of GRMC's authority, TakeCare attempted to negotiate with GRMC while refraining from filing a protest. It was not until negotiations with GRMC broke down that TakeCare filed its protest. While the Court acknowledges that there *may* be multiple events in any given solicitation that give rise to protests, TakeCare's protest was based upon the single event of the RFP being issued with the requirement that any bidder have GRMC in its network.

## CONCLUSION

For the reasons above, the Court finds that there is no genuine issue of material fact and that TakeCare knew or should have known of the facts giving rise to its protest on April 1, 2019. Its protest filed on May 3, 2019, was therefore untimely. Because the protest was untimely, the automatic stay provision of the Guam Procurement Law was never triggered. The Government's Motion for Summary Judgment is **GRANTED** as to the sole count in TakeCare's Verified Complaint for Declaratory Judgment. TakeCare's Motion for Summary Judgment is **DENIED**.

SO ORDERED, this ___16th___ day of ___January___, 2020___.

_____
The Honorable Robert C. Naraja
Judge *pro tempore*
Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

_____

Date: _1/16/20_ Time: _4pm_

Deputy Clerk, Superior Court of Guam

ORIGINAL